IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY PIGRUM<br>111 Sunset Acres Road<br>Holly Springs, MS 38635<br><br>        Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INS. CO.<br>1700 Market Street, Suite 12000<br>Philadelphia, PA 19103<br><br>        Defendant. | Civil Action No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Henry Pigrum, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) and Life Waiver of Premium (LWOP) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001, *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the Eastern District of Pennsylvania pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. Plaintiff, Henry Pigrum, (hereinafter "Plaintiff" or "Mr. Pigrum"), is currently and was at all relevant times, a resident of Marshall County, Mississippi.

5. Defendant Reliance Standard Life Ins. Co. (hereinafter "Reliance") is an insurance company authorized to transact the business of insurance in this state, and may be served with process at its 1700 Market Street, Suite 1200 Philadelphia, PA 19103 address.

6. Defendant Reliance is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LTD 121589, issued by Reliance to View, Inc.

7. Defendant Reliance is also the party obligated to pay benefits and determine eligibility for benefits under Group Life Insurance Policy No. GL 147992 and GL 153610, issued by Reliance to View, Inc.

**FACTS**

8. Plaintiff was employed by View, Inc.

9. By virtue of his employment, Plaintiff was enrolled in the Group Life and Long Term Disability plans which are ERISA employee welfare benefit plans (the "Plan").

10. Long term disability benefits under the Plan are insured by Reliance under Group Long Term Disability Policy No. 121589, issued by Reliance to View, Inc.

11. Life Insurance benefits under the Plan are insured by Reliance under Group Life Insurance Policy Nos. GL 147992 and GL 153610 issued by Reliance to View, Inc.

12. Plaintiff is a participant or beneficiary of the Plan.

13. Plaintiff ceased work due to a disability related to his medical conditions, including fatigue, urinary urgency, incontinence, and frequency following treatment for prostate cancer on August 31, 2022, while covered under the Plan.

14. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

15. Plaintiff filed an application for Short Term Disability benefits under the Plan.

16. Defendant denied that application on October 4, 2023.

17. Plaintiff filed a timely appeal for Short Term Disability benefits, and filed an application for Long Term Disability ("LTD") benefits.

18. Reliance approved Plaintiff's application and paid benefits from February 27, 2023 until February 27, 2025.

19. Mr. Pigrum's Life Waiver of Premium ("LWOP") claim was approved for a period of September 1, 2022 to August 31, 2024.

20. By letter dated January 14, 2025, Reliance terminated Mr. Pigrum's LWOP claim.

21. By letter dated March 12, 2025, Reliance terminated Plaintiff's LTD claim, explaining that based on his prior FCE, its consultants had concluded he could perform light work and identified alternate occupations that it concluded he could perform.

22. Plaintiff appealed the termination of his LTD and LWOP benefits by letter dated July 11, 2025, supporting the appeal by providing updated medical records, a bathroom log, a cognitive functional assessment and a vocational evaluation.

23. The cognitive functional assessment concluded that Mr. Pigrum had deficits in many areas of cognitive functioning and did not possess the required cognitive capacity for work at this time.

24. The vocational assessment explained that Reliance's vocational expert incorrectly identified occupations that Mr. Pigrum would not have the skills to perform.

25. By letter dated August 8, 2025, Reliance forwarded Mr. Pigrum's attorney additional evidence to review and respond to, and gave a deadline of August 19, 2025.

26. The letter contained medical reviews, which concluded that Mr. Pigrum did not have any physical or cognitive restrictions and stated that Reliance did not perform a vocational review.

27. Because Mr. Pigrum's attorneys did not receive the letter until August 12, 2025, they requested an extension until September 3, 2025 to respond.

28. On September 3, 2025, Mr. Pigrum's attorneys submitted an updated functional capacity evaluation (FCE), medical records, and a rebuttal letter from Dr. Talei, who conducted the cognitive functional assessment.

29. The FCE concluded that Mr. Pigrum remained limited to light work, with restrictions and limitations consistent with his prior FCE.

30. By letter dated September 17, 2025 Reliance responded, stating that the FCE did not provide sufficient objective evidence of restrictions and limitations, and declined to complete an additional vocational review and requested a response by October 1, 2025.

31. On October 1, 2025, Plaintiff's attorney submitted additional information, including a statement from the FCE provider clarifying that the FCE was conducted in August 2025, not January 2025 as it had been mislabeled.

32. On October 22, 2025, Reliance responded, again stating that its file reviewing physician had concluded that Mr. Pigrum had no restrictions and limitations and declining to conduct an additional vocational review.

33. On November 12, 2025, Plaintiff's attorney responded, pointing out that the updated FCE showed restrictions and limitations consistent with the previous FCE.

34. By letter dated November 19, 2025, Reliance denied the LTD and LWOP appeal, relying on the opinion of its file reviewing physicians that Mr. Pigrum had no restrictions and limitations, and stated that its decision was final.

35. Plaintiff has exhausted his administrative remedies under the Plan.

36. Reliance would pay any benefits due out of its own funds.

37. Reliance owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

38. Reliance was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

39. Reliance allowed its concern over its own funds to influence its decision-making.

40. Reliance breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR DISBAILITY BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

Plaintiff incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

41. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

42. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

43. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

44. The decisions to deny benefits were wrong under the terms of the Plan.

45. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

46. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

47. The decisions to deny benefits were not supported by substantial evidence in the record.

48. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

49. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

**SECOND CAUSE OF ACTION**
**FOR LIFE INSURANCE PLAN BENEFITS AGAINST THE DEFENDANTS**
**PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

Plaintiff incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

50. Under the terms of the Plan, Defendant agreed to provide Plaintiff with LWOP benefits in the event that Plaintiff became disabled as defined by the Life Insurance Policy.

51. Plaintiff is disabled and entitled to benefits under the terms of the Life Insurance Policy.

52. Defendant failed to provide benefits due under the terms of the Life Insurance Policy, and these denials of benefits to Plaintiff constitute breaches of the Plan.

53. The decision to terminate benefits were wrong under the terms of the Plan.

54. The decision to terminate benefits and decision-making processes were arbitrary and capricious.

55. The decision to deny benefits were not supported by substantial evidence in the record.

56. As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

57. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan;

5. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and

6. Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action**

1. A finding in favor of Plaintiff against Defendant;

2. An Order requiring the Plan or appropriate Plan fiduciary to reinstate her life insurance benefits and pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

3. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and

4. Such other relief as this court deems just and proper.

Respectfully submitted,

/s/ Melanie J Garner
Melanie J. Garner (315058)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 1111
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
melanie@garnerltd.com

*and*

Kaci Garrabrant (TN BPR #039026)
*Pro Hac Vice Application Forthcoming*
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
Tel: (423) 634-2506
Fax: (423) 634-2505
court@buchanandisability.com
kgarrabrant@buchanandisability.com

*Attorneys for Plaintiff*

Dated: March 6, 2026